**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4726**

---

UNITED STATES OF AMERICA,

>        Plaintiff - Appellee,

>    v.

JIMMIE LEE BENJAMIN HANEY,

>        Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:23-cr-00074-CCE-1)

---

Submitted:  October 10, 2024                    Decided:  October 15, 2024

---

Before WILKINSON and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Angela H. Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmie Lee Benjamin Haney pled guilty to one count of destruction by fire of a building used in interstate commerce, in violation of 18 U.S.C. § 844(i), and two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). The district court sentenced Haney to 156 months' imprisonment. On appeal, Haney argues that the district court abused its discretion when it denied his request for a downward variant sentence, because he asserts that his sentence is greater than necessary given his history and characteristics, and his designation as a career offender overrepresents his criminal history. Finding no error, we affirm.

"We review all sentences for reasonableness, applying a deferential abuse-of-discretion standard." *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (cleaned up). In doing so, "[o]ur inquiry proceeds in two steps." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021). First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (internal quotation marks omitted).

"Only if we determine that the sentence is procedurally reasonable do we then proceed to substantive reasonableness." *Id.* In considering the substantive reasonableness of a sentence, we "take[] into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.

2

2020) (internal quotation marks omitted).  "[A]ny sentence that is within or below a properly calculated Guidelines range is presumptively reasonable."  *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022) (internal quotation marks omitted).  A defendant can rebut that presumption only "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors."  *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted).

We find Haney's within-Guidelines sentence to be both procedurally and substantively reasonable.  Review of the record reveals no procedural flaws in Haney's sentencing, and, indeed, he makes no assertion that his sentence was tainted by procedural error.  Substantively, the district court expressly considered Haney's history and characteristics, as well as the § 3553(a) factors, and adequately explained its rejection of his request for a downward variance and its reasons for imposing the 156-month sentence.  Therefore, Haney has not overcome the presumption of reasonableness applied to his sentence.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3